UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALBERT LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4476** |
| **JOSEPH LOPINTO, ET AL.** | **SECTION: "R"(1)** |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Albert Lewis, a state pretrial detainee, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983.[1] He sued Jefferson Parish Sheriff Joseph Lopinto, Detective Derek Adams, Detective Daniel Lassus, Sergeant Marc Macaluso, Toni Nguyen, and Wilfred Garrison. In his complaint, plaintiff stated his claims as follows:

> Sheriff Joseph Lopinto is continuously allowing his detectives and officers to operate in violation of the U.S. Constitution and federal law without correction.
> Detective[s] Adams & Lassus conspired with civilians Toni Nguyen and Wilfred Garrison to falsely accuse and imprison plaintiff Albert Lewis. The police report clearly shows that Det. Adams allowed Wilfred Garrison to conduct his own investigation, presenting the evidence he came up with to Det. Adams.
> Toni Nguyen originally stated that suspect was approx. 135 to 150 pounds, thin built, light skinned black male, about 50 plus years old. Ms. Nguyen also stated that the suspect had a hood pulled over his face and that she could not get a good look at his face, hair, or eyes. Victims originally state suspect had on a grey sweatshirt then came back later and said the sweatshirt was red.
> Toni Nguyen also stated that the security gate was locked closed and that the suspect would have had to scale an 8 foot security fence to get in the back door and scale it again to exit.

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

> Plaintiff, upon arrest, just days after the robbery took place, weighed in at 250 pounds, and is an obese dark skinned black male. I don't think anyone could imagine him scaling an 8 foot security fence. The slim or thin build that the victim describes of 135 to 150 pounds is more than 100 pounds off of Plaintiff's weight at the time of the robbery.
> Plaintiff has also been in custody over two years without a trial in violation of his 6th Amendment Constitutional right to due process.[2]

To better understand the factual bases of plaintiff's claims, the Court held a Spears hearing in this matter on May 2, 2023. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

At that Spears hearing, plaintiff testified he was arrested for the robbery of Express Seafood in Marrero, Louisiana, and he was then detained on that charge for thirty months before being released when the charge was ultimately dismissed.[3] When asked why he concluded that a conspiracy existed between the victims, Toni Nguyen and Wilfred Garrison, and the detectives, plaintiff testified that Nguyen and Garrison "went off of what somebody said on the street and didn't have no proof or no evidence – just went off what he said." When asked if he had any idea why Nguyen and Garrison would engage in such a conspiracy to target him specifically, he admitted that he did not and conceded that he had no history with either of them. He acknowledged

---

[2] Rec. Doc. 1, pp. 4-5.
[3] Although plaintiff is now once again detained, he explained that his current detention is based on subsequent, unrelated criminal charges for home invasion and kidnapping.

that he had simply concluded that a conspiracy existed because everything they were saying was so crazy that they must have hatched such a plot together.

Because he had named Sergeant Marc Macaluso as a defendant in the complaint but made no allegations against him, plaintiff was asked why he sued Macaluso. Plaintiff replied that he did not remember – and he explained that he had "everything written down" but did not have his notes with him for the hearing. Given that he stated that he would like an opportunity to check his notes regarding Macaluso, plaintiff was given until May 19, 2023, to file an amended complaint to explain the basis of the claim against Macaluso;[4] however, no such amended complaint was ever filed.

Daniel R. Martiny, counsel for the Jefferson Parish Sheriff's Office, confirmed that the charge against plaintiff for the alleged robbery of Express Seafood was in fact dismissed.

## I.  Mandatory Screening Provisions

Plaintiff filed this action *in forma pauperis*.[5] Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
>     (i)    is frivolous or malicious;
>     (ii)   fails to state a claim on which relief may be granted; or
>     (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[4] Rec. Doc. 10.
[5] See Rec. Docs. 2 and 3.

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[6] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

---

[6] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

4

allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

For the following reasons, the undersigned recommends that plaintiff's claims against Sergeant Marc Macaluso, Toni Nguyen, and Wilfred Garrison be dismissed and that the remaining claims be allowed to proceed pending further development.

## II. Plaintiff's Claims

### A. Claims Against Sergeant Marc Macaluso

As noted, plaintiff listed Sergeant Marc Macaluso as a defendant but made no allegations against him in the complaint. As also noted, plaintiff was afforded an opportunity to amend the complaint to correct that defect, but no such amended complaint was filed. Accordingly, for the following reasons, the claims against Macaluso, whatever they may be, should now be dismissed.

It is clear that "[p]ersonal involvement is an essential element of a civil rights cause of action," Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983), and that such involvement must be specifically alleged. For example, the United States Fifth Circuit Court of Appeals has held: "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). As a result, merely listing a defendant in a complaint without making the factual allegations necessary to connect that defendant to a claim simply does not suffice to state a claim against that defendant. See Tuley v. Heyd, 482 F.2d 590, 594 (5th Cir. 1973) (noting that the mere inclusion of names and notations of office in the caption does not suffice to state a claim); Guillotte v. Lafourche Parish, Civ. Action

No. 21-1400, 2022 WL 775339, at *4 (E.D. La. Feb. 11, 2022), adopted, 2022 WL 742473 (E.D. La. Mar. 11, 2022).

Because there are no allegations whatsoever that Macaluso personally engaged in any conduct which violated plaintiff's constitutional rights, no § 1983 claim has been stated against Macaluso.

### B.  Claims Against Toni Nguyen and Wilfred Garrison

"Section 1983 creates a private right of action for redressing violations of federal law **by those acting under color of state law**."  Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999) (emphasis added).  Here, however, Toni Nguyen and Wilfred Garrison are private individuals, not state actors.  Private individuals are not considered to be persons acting under color of state law merely because they are involved in a criminal prosecution being pursued by governmental officials.  See Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir. 1988) ("A private party does not act under color of state law when she merely elicits but does not join in an exercise of official state authority.  Police reliance in making an arrest on information given by a private party does not make the private party a state actor.  The execution by a private party of a sworn complaint, which forms the basis for an arrest, is, without more, not sufficient to make that party's acts state action." (footnote, citation, quotation marks, and brackets omitted)); see also Pleasant v. Carraway, No. 94-10272, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) (finding that "[a] private individual complainant in a criminal prosecution does not act under color of law," even if the police relied upon the individual's sworn complaint in arresting and charging the plaintiff); Guillot v. Coastal Commerce Bank, Civ. Action No. 10-2092, 2010 WL 4812959, at *3 (E.D. La. Nov. 19, 2010) ("[T]he law is clear that private parties do not become state actors when they merely call

upon law enforcement for assistance. Private citizens who provide information to the police do not become state actors for purposes of § 1983 when the police rely upon that information to effect an arrest. And it does not matter that the citizen knew that the information given to police was false." (citations omitted)).

That result is not changed by plaintiff's allegations that Nguyen and Garrison conspired with the detectives. It is true that "a private citizen may be a state actor is if she is involved in a conspiracy or participates in joint activity with state actors." Moody v. Farrell, 868 F.3d 348, 352 (5th Cir. 2017). But plaintiff's allegations that such a conspiracy existed in this case are entirely speculative and wholly conclusory – and that simply will not suffice. See Terwilliger v. Reyna, 4 F.4th 270, 285 (5th Cir. 2021) ("To support a conspiracy claim under § 1983, the plaintiff must allege facts that suggest an agreement between the defendants to commit an illegal act and an actual deprivation of constitutional rights. ... A conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." (quotation marks and ellipsis omitted)). Moreover, with respect to conspiracies such as the one alleged here, the United States Fifth Circuit Court of Appeals has explained:

> It is well-established that "a private party does not act under color of state law when she merely elicits but does not join in an exercise of official state authority. For this reason, evidence that a private citizen reported criminal activity or signed a criminal complaint does not suffice to show state action on the part of the complainant in a false arrest case. The plaintiff must further show that the police in effecting the arrest acted in accordance with a preconceived plan to arrest a person merely because he was designated for arrest by the private party, without independent investigation.

Moody, 868 F.3d at 353 (citations, quotation marks, and brackets omitted); accord Guillot, 2010 WL 4812959, at *3 ("Absent joint conduct between law enforcement and the private citizen, such

7

as during a conspiracy, or a special relationship between law enforcement and the private citizen, the conduct of the private citizen is not fairly attributable to the state.").

Because Nguyen and Garrison are private individuals, and because plaintiff does not allege any facts which would suggest that they acted jointly with the detectives in a preconceived plan to cause his arrest, imprisonment, and prosecution, the claims against Nguyen and Garrison should be dismissed.

### C. Claims Against Jefferson Parish Sheriff Joseph Lopinto, Detective Derek Adams, and Detective Daniel Lassus

This Partial Report and Recommendation does not address the claims against Jefferson Parish Sheriff Joseph Lopinto, Detective Derek Adams, and Detective Daniel Lassus. Those claims should remain pending before the undersigned for further development.[7]

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Sergeant Marc Macaluso be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Toni Nguyen and Wilfred Garrison be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) as frivolous and/or for failing to state a claim on which relief may be granted.

---

[7] The undersigned makes no findings herein regarding the timeliness of the claims against these defendants. Before such a finding can be made, the precise nature of plaintiff's claims must be further clarified, and the underlying facts must be further developed.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Jefferson Parish Sheriff Joseph Lopinto, Detective Derek Adams, and Detective Daniel Lassus remain referred to the undersigned pending further development.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __26th__ day of June, 2023.

                                                  **JANIS VAN MEERVELD**
                                                  **UNITED STATES MAGISTRATE JUDGE**